IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID A. HAWKINS, et al.** | § | |
| | § | |
| v. | § | A-11-CV-877 LY |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Clerk's Doc. No. 17); Plaintiffs' Response to Defendant's Motion to Dismiss (Clerk's Doc. No. 24); and Defendant's Reply in Support of Its Motion to Dismiss (Clerk's Doc. No. 29). The District Court referred these Motions to the undersigned Magistrate Judge for report and recommendation.

Named Plaintiffs in this case are David and Tracy Hawkins, Shonna Rice, Cynthia Brown and Kenneth Gimmi (collectively "Plaintiffs"). Plaintiffs are homeowners who defaulted on their home equity loans. Defendant Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo") and each of the Plaintiffs agreed to modify all the loans, capitalizing the past-due interest and lowering the monthly payments for the loans. After the modification, each Plaintiff again failed to make their loan payments. Wells Fargo has either foreclosed on, or threatened foreclosure on, the Plaintiffs' homes. Plaintiffs claim that the capitalization of past-due interest turned the modifications of the loans into refinancings of the original debts, thereby triggering the protections and requirements of art. XVI sec. 50 of the Texas Constitution. Because Wells Fargo did not fulfill all of the formalities required by section 50 in the transactions, Plaintiffs assert that the loans violate the Texas Constitution, and seek to enjoin the foreclosure of their homes, and to have their loans forgiven.

## I.  FACTUAL BACKGROUND[1]

Plaintiffs purport to bring this case as a class action, although at this early stage of the case it has not been certified as such.  The suit is filed against Wells Fargo Bank, N.A. on behalf of any Texas resident who has ever refinanced or modified their home equity loan from Wells Fargo in which past-due interest was capitalized, which featured a loan-to-value ratio greater than 80 percent at the time of refinance or modification, or which would not otherwise meet the requirements for the refinancing of a home equity loan under article XVI, section 50 of the Texas Constitution.

David and Tracy Hawkins obtained a $680,000.00 home equity loan in February 2007.  In late 2008, they contacted Wells Fargo seeking help because they were unable to pay their mortgage payment because Mrs. Hawkins had lost her job.  The Hawkins applied to modify their existing loan.  Wells Fargo agreed, and the parties modified the loan on January 11, 2010.  As part of the modification, Wells Fargo capitalized the past-due interest on the original principal in order to bring the loan current as of the date of the modification.  This brought the principal balance on the loan as modified to $757,828.86.  The restructuring of the payout that was part of the modification reduced the Hawkins' monthly payment from $6,540.49 to $5,690.47.  Not long after the modification, the Hawkins again defaulted on their lower loan payments and remain in default.

Shonna Rice obtained a home equity loan in the amount of $76,000.00 in 2005.  She defaulted on the loan and Wells Fargo modified the loan effective December 2009.  As part of the loan modification, Wells Fargo capitalized the past-due interest, resulting in a principal balance of $76,642.00.  Rice's monthly principal and interest payment was reduced from $539.40 to $433.11.  Rice again fell behind on her payments.

---

[1] The facts set out here are taken from Plaintiffs' First Amended Class Action Complaint and the Court takes these allegations as true in reviewing the motion to dismiss.

Cynthia Brown and Kenneth Gimmi obtained a home equity loan in the amount of $165,000.00 in 2005.  They defaulted and Wells Fargo modified their loan effective April 2009. As part of the modification, Wells Fargo capitalized the past-due interest resulting in a principal balance of $200,533.62 and a monthly interest and principal payment of $1,108.00.  Brown and Gimmi each defaulted on their modified loan and Wells Fargo foreclosed on each in 2010.

Plaintiffs assert that Wells Fargo has violated various provisions of article XVI section 50 of the Texas Constitution by making home equity loan modifications that added or advanced past-due interest into the principal under the same note without fulfilling the prerequisites for a valid home equity loan set forth in article XVI section 50.  Plaintiffs argue that the "modified" home equity loans, were in fact "refinanced" loans that did not fulfill the requirements of section 50. Plaintiffs further argue that Wells Fargo's failure to provide mandated constitutional disclosures meant that borrowers were not apprised of the notice and cure provisions of the Texas Constitution, which equitably bars Wells Fargo from now seeking cure rights.  Plaintiffs also allege that Wells Fargo has been aware of the constitutional defects with its loans since 2009 or 2010 and has not cured these defects in a timely manner and has yet to cure the defects.  Plaintiffs assert that Wells Fargo misled borrowers about their ability to cure, thereby equitably estopping Wells Fargo from claiming that the 60-day cure period did not commence when Wells Fargo made these misrepresentations and from asserting that Wells Fargo has a right to cure at all.  Plaintiffs request a preliminary and permanent injunction enjoining Wells Fargo from threatening or noticing foreclosure against Plaintiffs and those similarly situated and from pressuring them to short sell their properties or give over a deed in lieu of foreclosure.  In sum, Plaintiffs request this Court void their notes to Wells Fargo.

## II.  MOTION TO DISMISS

Defendant moves to dismiss based upon Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.  Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  The Supreme Court expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

### A.  Background of Home Equity Loans in Texas

Section 50 of article XVI of the Texas Constitution generally protects a homestead from foreclosure for the payment of debts. TEX. CONST. art. XVI, § 50(a) (Vernon Supp. 2005).  In 1997, the Texas Constitution was amended to expand the types of liens that a lender could place against homestead property with the homeowner's consent.  *Doody v. Ameriquest Mortg. Co.*, 49 S.W.3d 342, 343 (Tex. 2001).  Currently, section 50(a) of article XVI of the Texas Constitution sets forth

eight types of loans or extensions of credit that may be validly secured by a borrower's homestead. TEX. CONST. art. XVI, §§ 50(a)(1)-(8).

One of the 1997 amendments to § 50—subsection (a)(6)—permitted home equity lending against homestead property, so long as it complied with the formalities required therein. *See Doody*, 49 S.W.3d at 343. In order for a home equity lien to be valid, the home equity loan must comply with the numerous requirements set forth in subsections (A)-(Q) of section 50(a)(6). Those provisions detail the terms and conditions that may be placed on such loans and lists the rights and obligations of borrowers and home-equity lenders. TEX. CONST. art. XVI, §§ 50(a)(6)(A)-(Q). Additionally, Article XVI section 50(f) states:

> A refinance of debt secured by the homestead, any portion of which is an extension of credit described by Subsection (a)(6) of this section, may not be secured by a valid lien against the homestead unless the refinance of the debt is an extension of credit described by Subsection (a)(6) of this section.

TEX. CONST. art. XVI, § 50(f) (amended 2003). The refinance of a prior home-equity loan must therefore meet the requirements of section 50(a)(6)(A)–(Q) to result in a valid lien against homestead property. *Stringer v. Cendant Mortg. Corp.*, 23 S.W.3d 353, 355 (Tex. 2000) ("When we interpret our state constitution, we rely heavily on its literal text and must give effect to its plain language."). In this case, the parties not only dispute whether the modification of a home equity loan must meet all the requirements for refinancing a home equity loan in Texas—the parties dispute whether the loans in issue qualify as "refinances" at all. As Plaintiffs state the issue:

> this case presents one narrow, succinctly-stated legal issue: may the stated principal amount of a Texas home equity loan be increased through the conversion of past-due interest into principal without complying with all the requirements for making or refinancing a home equity loan under the Texas Constitution Art. XVI Section 50?

Response at p. 1.

**B.    Analysis**

Plaintiffs argue that because Wells Fargo capitalized past-due interest into the principal amount owed, each of the loans in issue were "refinanced" and not "modified," and thus compliance with section 50(f) was required for each such "refinancing." Wells Fargo contests this claim, relying upon the fact that the notes in issue were not satisfied and replaced, and indeed, remain in place as the only note in the transaction. It contends that the original loans and the modifications of those loans qualify as a "single transaction." The relevant Texas regulations governing home equity lending provide that:

> A modification of a home equity loan occurs when one or more terms of an existing equity loan is modified, but the note is not satisfied and replaced. A home equity loan and a subsequent modification will be considered a single transaction. The home equity requirements of Section 50(a)(6) will be applied to the original loan and the subsequent modification as a single transaction

7 TEX. ADMIN. CODE § 153.14(2). Plaintiffs respond by pointing out that the regulations state that "the advance of additional funds to a borrower is not permitted by modification of an equity loan." 7 TEX. ADMIN. CODE § 153.14(2)(B). They contend that capitalizing past-due interest qualifies as "an advance of additional funds," rendering the modification a refinance and triggering the section 50 requirements. Plaintiffs assert that their "modifications" violated sections 50(g), 50(a)(6)(L), 50(a)(6)(F), and 50(a)(6)(B) of Article XVI the Texas Constitution. Wells Fargo asserts that the quoted regulation is inapplicable here, because it did not advance additional funds to the borrowers when it modified the loans at issue.

No court has addressed the issue presented here: whether rolling past-due interest into the principal of a home equity loan as part of a modification of a loan requires that the lender comply with all of the formalities of section 50 of art. XVI of the Texas Constitution. The issue is a significant one, as a finding that section 50 applies in such a manner will mean that numerous

modifications will be set aside, and the loans in those cases will be forgiven. And while the question presented is primarily a legal issue, it is not purely so. For example, the Plaintiffs argue throughout their response that the loan-to-value threshold ratio permitted by Section 50 was violated in each of these loans. Whether that is true depends upon factual questions. Plaintiffs contend that while on their face the documents at issue called the transaction a "modification" of a loan, in fact it was an extension of credit requiring that Section 50 formalities be met. To demonstrate this, they rely upon the contents of each of their various notes and agreements, none of which are appropriate for consideration on a 12(b)(6) motion. The Plaintiffs ask the Court to take judicial notice of the contents of the standard forms used to document a home equity loan, Plaintiff's Response at 8 (Clerk's Doc. No. 24), again, not something appropriate when the Court is deciding something as a matter of law. Thus, while the Court recognizes that legal issues may predominate in this matter, it would be more appropriate to decide those legal issues on a stipulated factual record and cross motions for summary judgment, or after a bench trial, than on a motion to dismiss.

### III. RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Clerk's Doc. No. 17).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE